UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gary Britton

    v.                                    Civil No. 15-cv-71-JL

Michelle Edmark, Warden,
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Petitioner Gary Britton, proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that his present incarceration violates his federal constitutional rights.  Before the undersigned magistrate judge for a report and recommendation as to disposition is Respondent's motion to dismiss (Doc. No. 36), seeking dismissal of two of the four claims Britton has asserted in has action.

**Background**

On May 21, 2013, after a jury trial in the Rockingham County Superior Court, Britton was convicted of two counts of aggravated felonious sexual assault ("AFSA") and two counts of felonious sexual assault ("FSA").  See State v. Britton, No. 218-2012-CR-00327 (N.H. Super. Ct., Rockingham Cty.) ("Criminal Case I").  In a separate proceeding, held May 28, 2013, Britton pled guilty to ten counts of possessing child sexual abuse

images.  See id.  In a third proceeding, held July 18, 2013, Britton was found guilty by the court on one count of being a felon in possession of a dangerous weapon.  See State v. Britton, No. 218-2111-CR-0902 (N.H. Super. Ct., Rockingham Cty.) ("Criminal Case II").  Britton is currently serving lengthy prison sentences imposed pursuant to those convictions.  The facts underlying Britton's convictions, as relevant to the instant motion to dismiss, are as follows

On September 22, 2011, Britton was arrested for failing to register as a sex offender, and on that date, was also evicted from his apartment in Chester, New Hampshire.  When Britton's landlords were cleaning out the apartment they had rented to Britton, they turned on Britton's computer and found what they believed to be child pornography.  The landlords called the Chester Police Department and, when the police arrived, the landlords showed them the images they had seen on Britton's computer.  The police seized the computer and obtained a warrant to search its contents.  Upon further search of Britton's computer, law enforcement officers discovered both child sexual abuse images and a record of an internet "chat," in which Britton wrote about engaging in sexual conduct with daughters aged eleven and sixteen.[1]

---

[1]At the time Britton wrote the chat post concerning engaging in sex with daughters aged eleven and sixteen, he had no

Britton's chat post led the police to interview J.R., the daughter of a woman Britton married in 1989. J.R. told the police about sexual conduct Britton had directed toward her starting in 1991, when she was nine years old, and continuing through her thirteenth birthday. Based on J.R.'s statements to the police, Britton was charged with sexually assaulting J.R., as well as for possessing the child sexual abuse images found on his computer.

At some point, while Britton was in jail awaiting trial on those charges, he telephoned his daughter, S.B., and instructed her to go to his apartment and to look for certain items in certain places. Among the places he directed her to look was under his bed, where S.B. found a computer hard drive, which was eventually turned over to the Chester Police. Child sexual abuse images were ultimately discovered on the hard drive found under Britton's bed. Britton was charged with ten counts of possession of child sexual abuse images with regard to the images found on the hard drive.

During the litigation of Britton's criminal case, his trial counsel filed a motion to suppress the information and images found on the computer seized from the Chester apartment. See

---

daughters of those ages. By the time of Britton's sexual assault trial, it was understood that the chat post was more in the realm of fantasy than reportage.

Feb. 26, 2013 Mot. to Suppress, Criminal Case I (Doc. No. 31-3). The trial court denied the motion. See May 15, 2013 Order, Britton, Criminal Case I (Doc. No. 14-5, at 6). Britton never filed a motion to suppress the evidence found during the search of the hard drive S.B. found under Britton's bed.

On May 28, 2013, Briton pled guilty to the ten counts of possession of child sexual abuse images relating to images found on the hard drive. Also on that day, the State nol prossed the charges against Britton alleging possession of child sexual abuse images found on the computer the police seized from Britton's apartment. Accordingly, Britton was not convicted of possessing any of the child sexual abuse images found on that computer.

## Discussion

Britton has asserted four claims in this action. In her motion to dismiss, Respondent seeks to dismiss two of those claims, identified by the court as Claims 3(a) and 3(b), as follows:

> 3.   Britton's conviction and sentence were obtained in violation of his Sixth Amendment right to the effective assistance of counsel, in that:
>
>> a.   Britton's trial counsel failed to argue that evidence obtained as a result of an illegal seizure and search of his computer should be suppressed on the basis that the evidence was discovered after a warrantless seizure of Britton's computer that did not fall under any exception to the warrant requirement; and

4

>    b.   Britton's trial counsel[ ] did not argue
>    that the warrantless seizure and search of the
>    computer did not fall under the "plain view"
>    exception to the warrant requirement, as the
>    discovery of incriminating evidence on the
>    computer was not inadvertent.

Aug. 8, 2018 Order (Doc. No. 29), at 2.

The respondent asserts here that the court lacks jurisdiction to grant relief on Claims 3(a) and 3(b) because Britton was convicted of possessing child sexual abuse images stored on the hard drive that S.B. found, not the computer police seized from Britton's apartment.  In other words, Respondent argues that because Claims 3(a) and 3(b) concern trial counsel's failure to obtain suppression of evidence on the seized computer, evidence Britton was not convicted of possessing, that Britton is not in custody as a result of his counsel's purportedly deficient performance in failing to get that evidence suppressed.  Accordingly, Respondent concludes, Claims 3(a) and 3(b) should be dismissed, because this court only has jurisdiction to grant habeas relief to those who are "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a).

However, Britton is in custody serving sentences for felony sexual assault, in addition to sentences for possessing child sexual abuse images found on the hard drive.  By the State's own admission, information obtained from the computer seized by the

police played a role in Britton's prosecution and conviction for felony sexual assault. For example, in its objection to Britton's state court motion to suppress evidence retrieved from the seized computer, the State asserted:

> While searching that computer, ICAC officers located a chat discussion in which [Britton] claimed to have sexually abused his two daughters. Chester Police used that information to interview [J.R.]. The information provided in that interview formed the basis for the pending AFSA case.

Mar. 6, 2013 State's Obj. to Def.'s Mot. to Suppress, at 1 ¶ 4, Criminal Case I (Doc. No. 31-4, at 1). And in its closing argument to the jury at Britton's trial for AFSA and FSA, the prosecutor stated:

> [T]here was a chat on a computer. And that's what leads us into this whole case. That's what makes [J.R.] so credible. If you look at the way this all came about, she was sitting at home, telling no one, and the police came to her because they found evidence on his computer.

May 21, 2013 Trial Tr. vol. II, 213:20-24, Criminal Case I. Therefore, even if nothing the police learned from their search of the seized computer led to Britton's convictions for possessing child sexual abuse images, it is clear that the results of that search played a significant role in Britton's prosecution for sexual assault. Thus, the respondent's motion to dismiss, which is premised on the assertion that the results of the search played no role in Britton's current incarceration,

6

is without merit, and the district judge should deny Respondent's motion to dismiss (Doc. No. 36) on that basis.

## Conclusion

For the reasons detailed above, the district judge should deny Respondent's motion to dismiss (Doc. No. 36).  Any objection to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file a specific written objection to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

August 8, 2019

cc:  Gary Britton, pro se
     Elizabeth C. Woodcock, Esq.